# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ROBERTO BIRD HOFFMAN,**
Plaintiff

v.                                                    **CIVIL NO. 02-2561(DRD)**

**FERDINAND MERCADO, et als.,**
Defendants

### ORDER

Before the Court is plaintiff's *Motion to Reconsider.*  (Docket No. 130).  For the reasons set forth below, Defendant's Motion for Reconsideration is **DENIED**.

A motion for reconsideration is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure.  Rosario Rivera v. PS Group of P.R., Inc., 186 F. Supp. 2d 63, 65 (D.P.R. 2002).  See generally Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.").  These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence.  F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); Nat'l Metal Finishing Co. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).  Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of judgment." Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  Neither are Rule 59(e) motions appropriate "to repeat old arguments previously considered and rejected."  Nat'l Metal Finishing Co., 899 F.2d at 123; accord Berrios-Berrios v. Commonwealth of P.R., 205 F. Supp. 2d 1, 2 (D.P.R. 2002); Colón v. Fraticelli, 181 F. Supp. 2d 48, 49 (D.P.R. 2002).  For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly," Nat'l Metal Finishing Co., 899 F.2d at 123, and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed. 1995).

On September 14, 2005, the Court issued an Opinion and Order granting appearing defendants' request for *brevis* disposition.  (Docket No. 128).  Noting that plaintiff could not be removed from his position without the consent of the Senate, the Court held that his constructive discharge claim could not proceed.  Albeit, the Court went even further and, presuming that plaintiff was defendants' subordinate in the alternative, analyzed in detail plaintiff's Section 1983 claims and concluded, finding support in plaintiff's own tendered evidence, that he failed to make out a *prima facie* case of First Amendment Political discrimination.

The Court need not go further for it refuses to write "at length to no other end than to hear its own words resonate" as to the instances alleged as errors by plaintiff.  They were all correctly analyzed with references to the record.. *See* Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996).  Plaintiff's Motion for Reconsideration does not present new evidence, a

manifest error of law, or novel theories of law that would warrant reconsideration of the Court's September 14th Opinion and Order and subsequent judgement.  Because defendant merely restates arguments that were or could have been raised previously, his Motion for Reconsideration must be, and hereby is, **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April of 2006.

<u>s/ Daniel R. Dominguez</u>
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**